UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF LUQMAN A. ABDULLAH,
by its personal representative, Mujahid
Carswell,

        Plaintiff,

      v.                                 Case No. 2:12-cv-14766
                                          District Judge: Lawrence P. Zatkoff
                                          Magis. Judge:  Michael J. Hluchaniuk

UNIDENTIFIED FBI AGENTS, in their
individual capacities, jointly and severally,

        Defendants.
_____/

**STATEMENT OF THE UNITED STATES IN SUPPORT OF
PLAINTIFF'S MOTION TO VOLUNTARILY SET ASIDE CLERK'S ENTRY
OF DEFAULT AGAINST "UNIDENTIFIED FBI AGENTS" (ECF #10)**

      The United States of America, an interested party, by and through its attorneys, Barbara

L. McQuade, United States Attorney for the Eastern District of Michigan, and William L.

Woodard, Assistant United States Attorney, provides this statement in support of Plaintiff's

Motion to Voluntarily Set Aside Clerk's Entry of Default Against "Unidentified FBI Agents"

(ECF #10).  With respect to the numbered paragraphs of plaintiff's motion, the United States

states as follows:

      1.      Admits that plaintiff filed this action on October 26, 2012.  (*See* ECF #1:

Complaint).

      2.      Admits that on November 27, 2012, plaintiff filed executed returns of service on

the United States Attorney General, the United States Attorney for the Eastern District of

Michigan, and the Director of the FBI.  (*See* ECF #5-7).

3.      Admits that the United States Attorney General, United States Attorney for the Eastern District of Michigan, and Director of the FBI received copies of a summons and complaint for "Unidentified FBI Agents," but denies that this constituted proper service. "Unidentified FBI Agents" are not actual defendants to be served with a summons and complaint, but are instead a legal fiction serving as a discovery device for the plaintiff. *Kemper Ins. Co. v. Federal Express Corp.,* 115 F. Supp. 2d 116, 124 (D. Mass. 2000), *aff'd,* 252 F.3d 509 (1st Cir. 2001); *Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir. 1980). Moreover, plaintiff's attempted service on "Unidentified FBI Agents" failed to comply with Fed. R. Civ. P. 4(i)(3).

4.      Denies that the "Unidentified FBI Agents" had until January 2, 2013, to file their answer to plaintiff's complaint. "Unidentified FBI Agents" are not actual defendants, but instead are fictitious designations who are not required, or even permitted, to answer a complaint. Additionally, they were not properly served.

5.      Admits that the "Unidentified FBI Agents" have not filed an answer to the complaint. Because they are not actual defendants, they lack standing to file an answer and they are not required to file an answer. Additionally, they have not been properly served.

6.      Denies that the federal government has engaged in a concerted effort to keep the identities of the "Unidentified FBI Agents" secret. Also denies that plaintiff has made a conscientious effort to discover the names and identities of the "Unidentified FBI Agents."

7.      Admits that on January 14, 2013, plaintiff filed a request for clerk's entry of default against "Unidentified FBI Agents" on grounds that they had allegedly failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12. (ECF #8).

8.      Admits that on January 15, 2013, the clerk entered a default against "Unidentified FBI Agents" for failure to plead or otherwise defend. (ECF #9). Denies that the clerk's entry of

2

default was proper.  Among other reasons, the entry was improper because a default cannot be entered against "John Doe" defendants, who are fictitious designations and not actual defendants. The entry of default was also improper because plaintiff failed to properly serve the "Unidentified FBI Agents."

9.      Admits that on February 26, 2013, the undersigned attorney contacted plaintiff's counsel after becoming aware of the clerk's entry of default.   The undersigned attorney asked plaintiff's counsel to withdraw the entry of default or move to set it aside because "Unidentified FBI Agents" are fictitious designations instead of actual defendants; fictitious designations are not required to answer a complaint; and the "Unidentified FBI Agents" are not subject to an entry of default.  (Exh. 1: 2/26/13 Letter from Woodard to Masri).

10.      Admits that the undersigned attorney agreed that, if plaintiff chose to have a subpoena issued to the FBI seeking the names of the "Unidentified FBI Agents," he would accept service of the subpoena on behalf of the FBI.  The undersigned attorney further stated to plaintiff's counsel that "Unidentified FBI Agents" are legal fictions and  not actual defendants in this case; he is not authorized to file an appearance in court on behalf of fictitious persons such as "Unidentified FBI Agents";  this suit is time-barred against any potential named defendants because the three-year statute of limitations has run; and plaintiff's use of the subpoena would provide a vehicle to bring the statute of limitations issue before the Court by enabling the undersigned attorney to bring a motion on behalf of the FBI to quash the subpoena.  (*See* Exh. 2: 3/25/23 E-mail from Woodard to Akeel).

11.      Admits that on March 19, 2013, plaintiff filed a motion to voluntarily set aside the clerk's entry of default against the "Unidentified FBI Agents."  (ECF #10).

12.     Admits that the Court has authority to set aside the entry of default for good cause under Fed. R. Civ. P. 55(c).

13.     Admits that good cause exists to set aside the entry of default because "Unidentified FBI Agents" are fictitious parties instead of actual defendants; fictitious parties are not required to answer a complaint; entry of default against fictitious parties is improper; plaintiff failed to effect proper service on the "Unidentified FBI Agents"; the clerk's entry of default was not a result of willful or culpable conduct by the "Unidentified FBI Agents"; plaintiff will not be prejudiced if the default is set aside; and several meritorious defenses exist against the claims made by plaintiff.

14.     Admits that plaintiff attached to its motion a proposed order to set aside the entry of default against "Unidentified FBI Agents."

The grounds for this statement in support of plaintiff's motion to set aside the clerk's entry of default are set forth with more specificity in the attached supporting brief.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

*s/William L. Woodard*
WILLIAM L. WOODARD
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Tel: (313) 226-9786
E-mail: william.woodard@usdoj.gov
(P27404)

Dated: April 5, 2013

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF LUQMAN A. ABDULLAH,
by its personal representative, Mujahid
Carswell,

      Plaintiff,

      v.                    Case No. 2:12-cv-14766
                             District Judge: Lawrence P. Zatkoff
                             Magis. Judge:  Michael J. Hluchaniuk

UNIDENTIFIED FBI AGENTS, in their
individual capacities, jointly and severally,

      Defendants.

_____/

**BRIEF IN SUPPORT OF**
**STATEMENT OF THE UNITED STATES IN SUPPORT OF**
**PLAINTIFF'S MOTION TO VOLUNTARILY SET ASIDE CLERK'S ENTRY**
**OF DEFAULT AGAINST "UNIDENTIFIED FBI AGENTS" (ECF #10)**

**ISSUE PRESENTED**

WHETHER PLAINTIFF'S MOTION TO VOLUNTARILY SET
ASIDE THE CLERK'S ENTRY OF DEFAULT AGAINST
"UNIDENTIFIED FBI AGENTS" SHOULD BE GRANTED
BECAUSE THEY ARE FICTIONAL DESIGNATIONS NOT
REQUIRED TO ANSWER THE COMPLAINT, ENTRY OF
DEFAULT AGAINST FICTIONAL DEFENDANTS IS
IMPROPER, SERVICE ON THE "UNIDENTIFIED FBI
AGENTS" WAS IMPROPER, THE ENTRY OF DEFAULT WAS
NOT THE RESULT OF WILLFUL OR CULPABLE CONDUCT,
PLAINTIFF WOULD NOT BE PREJUDICED IF THE
DEFAULT IS SET ASIDE, AND MERITORIOUS DEFENSES
TO PLAINTIFF'S CLAIMS EXIST?

## CONTROLLING AUTHORITIES

**Cases:**

*Allstate Insurance Co. v. Pioneer Mutual Insurance Co.*,
    No. 08-11047-BC, 2009 WL 701705 (E.D. Mich. March 13, 2009)

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
    403 U.S. 388 (1971)

*Bufalino v. Michigan Bell Telephone Co.*,
    404 F.2d 1023 (6th Cir. 1968)

*Checkpoint Systems, Inc. v. Castleton Enterprises, Inc.*,
    No. 5:10-CV-128, 2010 WL 1742104 (N.D. Ohio April 29, 2010)

*Kemper Ins. Co. v. Federal Express Corp.*,
    115 F. Supp. 2d 116 (D. Mass. 2000), *aff'd,* 252 F.3d 509 (1st Cir. 2001)

*Maclin v. Paulson*,
    627 F.2d 83 (7th Cir. 1980)

*Shepard Claims Service, Inc. v. William Darrah & Associates*,
    796 F.2d 190 (6th Cir. 1986)

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*,
    705 F.2d 839 (6th Cir. 1989)

## Other Authorities:

Fed. R. Civ. P. 4(e)

Fed. R. Civ. P. 4(i)(3)

Fed. R. Civ. P. 12(a), (b)

Fed. R. Civ. P. 55(c)

Mich. Ct. Rule 2.105

**BACKGROUND**

On October 28, 2009, Luqman A. Abdullah was shot to death by Special Agents of the Federal Bureau of Investigation ("FBI") as they attempted to arrest him on outstanding federal criminal charges.  (ECF #1: Complaint, ¶¶ 4, 34, 42).   On October 26, 2012, the estate of Luqman A. Abdullah, by its personal representative, filed a complaint against approximately thirty "Unidentified FBI Agents" who were involved in the tactical operation that resulted in Abdullah's shooting death.  (ECF #1: Complaint, ¶¶ 4, 12).  The plaintiff brought its suit against the "Unidentified FBI Agents" in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  (ECF #1: Complaint, ¶¶ 4-5, 12, 30-31).  The complaint alleges that the "Unidentified FBI Agents" violated the Fourth and Fifth Amendment rights of plaintiff's decedent by deploying an FBI canine to attack him, shooting him, and failing to provide him with medical care after he was shot.  (ECF #1: Complaint, ¶¶ 2, 4, 26-27, 30-33, 38-40).

On November 2 and 6, 2012, the plaintiff served a copy of the summons and complaint on the United States Attorney's Office in Detroit, Michigan; the Office of the United States Attorney General in Washington, D.C.; and FBI Headquarters in Washington, D.C.  (ECF #5-7: Returns of Service).

On January 14, 2013, the plaintiff requested a clerk's entry of default against the "Unidentified FBI Agents" on grounds that they failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12.  (ECF #8: Request for Clerk's Entry of Default).  On January 15, 2013, the clerk entered a default against the "Unidentified FBI Agents."  (ECF #9: Clerk's Entry of Default).  On March 19, 2013, the plaintiff filed a motion to voluntarily set aside the

1

clerk's entry of default.  (ECF #10: Plaintiff's Motion to Set Aside Clerk's Entry of Default).

That motion is currently pending.

On March 19, 2013, the Court issued an order directing "the government to file with the

Court, within 30 days of the date of this Order, appearance(s) of counsel and answer(s) to

Plaintiff's Complaint."  (ECF #11: Order to File Appearance(s) and Answer(s)).  On March 21,

2013, pursuant to this order, the United States Attorney's Office filed an appearance on behalf of

the United States as an interested party.  (ECF #12: Appearance of William L. Woodard).  The

United States now files this statement in support of plaintiff's motion to voluntarily set aside the

clerk's entry of default against the "Unidentified FBI Agents."

## ARGUMENT

I.    PLAINTIFF'S MOTION TO VOLUNTARILY SET ASIDE THE CLERK'S
      ENTRY OF DEFAULT AGAINST "UNIDENTIFIED FBI AGENTS"
      SHOULD BE GRANTED BECAUSE THEY ARE FICTITIOUS
      DESIGNATIONS WHO ARE NOT REQUIRED TO ANSWER THE
      COMPLAINT, ENTRY OF DEFAULT AGAINST FICTIONAL
      DEFENDANTS IS IMPROPER, SERVICE OF PROCESS WAS
      IMPROPER, THE DEFAULT WAS NOT THE RESULT OF WILLFUL OR
      CULPABLE CONDUCT, PLAINTIFF WOULD NOT SUFFER PREJUDICE
      IF THE DEFAULT IS SET ASIDE, AND MERITORIOUS DEFENSES TO
      PLAINTIFF'S CLAIMS EXIST.

At the request of plaintiff, the Clerk entered a default against the "Unidentified FBI

Agents" for their alleged failure to plead or otherwise defend in accordance with Fed. R. Civ. P.

12.  (ECF #8, 9).  Plaintiff has moved to voluntarily set aside this entry of default.  (ECF #10).

The United States, an interested party but not a defendant, now provides this statement in support

of plaintiff's motion to voluntarily set aside the default.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of

default for good cause."  When evaluating a motion to set aside a default, the court should

consider three factors: (1) whether the default was the result of the defendant's willful or

culpable conduct; (2) whether the plaintiff would be prejudiced if the default is set aside; and (3)

whether the defendant asserts any meritorious defenses to the claims.  *United Coin Meter Co.,

Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).

Plaintiff's motion to voluntarily set aside the entry of default should be granted for

several reasons.

First, it was improper to enter a default against the "Unidentified FBI Agents." They are

not actual defendants in this case.  Unidentified defendants, sometimes referred to as "John Doe"

defendants, are not actual parties to a case.  They are a legal fiction recognized by the courts as a

device for enabling a plaintiff to utilize discovery or judicial assistance to learn the names of the "John Does" and then file an amended complaint replacing them with named defendants. *See Kemper Ins. Co. v. Federal Express Corp.,* 115 F. Supp. 2d 116, 124 (D. Mass. 2000), *aff'd,* 252 F.3d 509 (1st Cir. 2001); *Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir. 1980). Only after the "John Does" have been replaced with named defendants and served with process do they become actual defendants. *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

Since the "Unidentified FBI Agents" are fictitious designations and not actual defendants, they were not required to answer plaintiff's complaint. It is improper to enter a default against "John Does" or other unidentified defendants. *Allstate Insurance Co. v. Pioneer Mutual Insurance Co.*, No. 08-11047-BC, 2009 WL 701705, at *5 (E.D. Mich. March 13, 2009) ("the Clerk cannot enter a default as to John Does because they are not proper parties to this action"); *Checkpoint Systems, Inc. v. Castleton Enterprises, Inc.,* No. 5:10-CV-128, 2010 WL 1742104, at *2 (N.D. Ohio April 29, 2010) ("entry of default against the unidentified defendants . . . is improper").

Second, plaintiff failed to effect proper service on any of the "Unidentified FBI Agents." A party who is not properly served with process is not required to respond to a complaint. *See* Fed. R. Civ. P. 12(a), (b). Plaintiff's complaint is brought against "Unidentified FBI Agents" in their individual capacities. (ECF #1: Complaint, ¶ 4). Service on a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf is governed by Fed. R. Civ. P. 4(i)(3). In relevant part, Rule 4(i)(3) requires personal service on each officer or employee in accordance with state law (*see* Mich. Ct. Rule 2.105) or by delivering a copy of the summons and complaint to the

officer or employee personally, leaving a copy at the officer or employee's dwelling with someone of suitable age and discretion who resides there, or delivering a copy to an agent of the officer or employee who is authorized by appointment or law to receive service of process.  *See* Fed. R. Civ. P. 4(e).

Plaintiff did not perform personal service in accordance with Rule 4(i)(3) on any of the "Unidentified FBI Agents."  The complaint estimates that there are approximately thirty "Unidentified FBI Agents."  (ECF #1: Complaint, ¶¶ 4,12).  Plaintiff did not attempt to serve an individual summons on each of the "Unidentified FBI Agents," but instead attempted to serve them collectively by sending a single summons and copy of the complaint to the Director of the FBI at FBI  Headquarters in Washington, D.C.  The FBI Director is not authorized to accept personal service on behalf of an individual Special Agent who is sued in his individual capacity and who may be assigned anywhere throughout the United States or even outside the country. The manner of personal service attempted by plaintiff falls far short of compliance with the personal service requirements of Fed. R. Civ. P. 4(i)(3).

Third, the default was not the result of willful or culpable conduct by the "Unidentified FBI Agents."  To be treated as culpable, the conduct of a defendant must display either the intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.  *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194 (6th Cir. 1986).  As previously discussed, the "Unidentified FBI Agents" are not actual defendants to this suit, but only fictitious designations.  They did nothing wrong, much less act willfully or culpably, when they did not answer the complaint.  As fictional defendants instead of actual defendants, they were neither required nor permitted to answer the complaint or to file a Rule 12(b) motion to dismiss the complaint.  As previously discussed, they were not properly

served with process, so the Court lacks personal jurisdiction over them.  Personal jurisdiction is required before a party is required to answer a complaint.  Accordingly, the Clerk's entry of default against the "Unidentified FBI Agents" was improper.  *See Allstate Insurance Co.*, 2009 WL 701705, at *5; *Checkpoint Systems, Inc.,* 2010 WL 1742104, at *2.

Fourth, plaintiff will not be prejudiced if the entry of default is set aside.  Plaintiff itself has moved to set aside the entry of default, and has not alleged that it would suffer any prejudice if the default is set aside.

And fifth, several meritorious defenses exist against the claims made by plaintiff.  This suit is time-barred against any potential named defendants by the three-year statute of limitations for *Bivens* actions in Michigan.  If plaintiff were to add named parties to this case by including them in an amended complaint, the amended complaint would have to be dismissed because it would not relate back to the original complaint and it would be time-barred.  Thus, any potential named party would have the statute of limitations defense.  Moreover, the "Unidentified FBI Agents" should be dismissed because they no longer serve a valid purpose here.  The plaintiff no longer has a need to discover the names of the "Unidentified FBI Agents" because any claims against potential named defendants would be time-barred.  Since the purpose for allowing the plaintiff to proceed against the "Unidentified FBI Agents" no longer exists, they should be dismissed forthwith.  Also, the actions of each of the "Unidentified FBI Agents" who deployed the FBI canine, discharged their firearms at plaintiff's decedent, and made medical care decisions for him immediately after the shooting were proper, lawful, reasonable, and in full compliance with the Constitution of the United States.  Moreover, potential named defendants are shielded from this suit by qualified immunity.  Thus, several meritorious defenses to plaintiff's claims exist.

**<u>CONCLUSION</u>**

In light of the foregoing, the Clerk's entry of default against the "Unidentified FBI Agents" was improper and should be set aside. Accordingly, plaintiff's motion to voluntarily set aside the Clerk's entry of default should be granted.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*s/William L. Woodard*
WILLIAM L. WOODARD
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Tel: (313) 226-9786
E-mail: william.woodard@usdoj.gov
(P27404)

Dated: April 5, 2013

7

## CERTIFICATION OF SERVICE

I hereby certify that on April 5, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Shereef H. Akeel
> Email:  shereef@akeelvalentine.com
>
> Lena F. Masri
> Email:  lmasri@cair.com

I  further certify that I have mailed by U.S. mail the paper to the following non-ECF participants:

> None

> _s/William L. Woodard_
> WILLIAM L. WOODARD
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, Michigan  48226
> Phone:  (313) 226-9786
> E-mail:  william.woodard@usdoj.gov
> (P27404)

Dated: April 5, 2013